UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMMEX CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>YUDI, a/k/a YEHUDA, BUCKWOLD,<br><br>Respondent. | Civil Action No. 24-4206 (ZNQ) (RLS)<br><br>MEMORANDUM OPINION<br>AND ORDER |

**SINGH, United States Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Petitioner AMMEX Corporation ("AMMEX") to compel Yudi (a/k/a Yehuda) Buckwold ("Buckwold") to comply with a subpoena served in connection with the action captioned *AMMEX Corporation v. John Doe 1-10*, No. 23-cv-1411, pending in the United States District Court for the Western District of Washington (the "Underlying Action"). (*See* Doc. Nos. 1, 6). AMMEX further seeks the entry of an order to show cause why Buckwold should not be held in contempt and for sanctions. AMMEX served the Motion on Buckwold. While Buckwold has not filed any opposition to the Motion, he sent an email to AMMEX's counsel expressing confusion and stating that AMMEX was involved in some "type of scam." (Doc. No. 4; *see also* Doc. Nos. 3, 7). The Court has fully considered AMMEX's submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1. For the reasons set forth herein, and good cause shown, the Court **GRANTS IN PART** the Motion to the extent it seeks an order compelling Buckwold's compliance with the Subpoena and **DENIES IN PART** the Motion to the extent it seeks further relief in the form of an order to show cause why Buckwold should be held in contempt and for sanctions.

1

## I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

AMMEX markets and sells certain branded disposable gloves through authorized sellers ("Authorized Sellers"), who then sell the products to end-users. (*See* Doc. No. 1-2, Declaration of Martha Brewer Motley). AMMEX asserts that its contractual arrangements with Authorized Sellers precludes them from selling to other resellers ("Unauthorized Resellers"). AMMEX alleges that Buckwold is such an Unauthorized Reseller, and on or about September 11, 2023, AMMEX initiated the Underlying Action against John Does to discover the identity of the Authorized Sellers who have sold to Buckwold and other Unauthorized Resellers.

With leave of court in the Underlying Action, on October 19, 2023, AMMEX served a Subpoena for Documents on Buckwold in Lakewood, New Jersey, directing the production of responsive documents via email or in person at an address located in New York. (Doc. No. 1-6). In relevant part, the Subpoena seeks Buckwold to produce documents and information as to any contacts for suppliers from whom he purchased AMMEX products as well as any sales records, invoices, or the like related to such purchases, for the time period of June 1, 2019 through the present.

Buckwold did not respond to the Subpoena, and, on November 20, 2023, AMMEX followed up with a letter to Buckwold. (Doc. No. 1-2 at ¶ 10). Buckwold did not respond to that letter. (Doc. No. 1-2 at ¶ 10). On March 26, 2024, AMMEX initiated this action to seek the Court to compel Buckwold's compliance with the Subpoena. (Doc. No. 1). AMMEX further seeks the Court to order Buckwold to show cause why the Court should not hold him in contempt for failure to comply with the Subpoena and to sanction Buckwold for the costs associated with seeking to compel compliance. (*See* Doc. No. 1-1 at pp. 6-7). Notably, AMMEX sent a copy of its Motion

to Buckwold via email, to which Buckwold responded stating he did not sell gloves, was confused, and believed the correspondence to be part of a "scam." (Doc. No. 4-1).

On May 21, 2024, the Court ordered AMMEX to supplement its Motion to clarify whether this District Court is the proper court of compliance as required by Federal Rule of Civil Procedure 45(d)(2)(B)(i). (Doc. No. 5). Accordingly, on June 10, 2024, AMMEX supplemented its Motion, contending this District Court is the appropriate court of compliance in light of Buckwold's presence in this District and the request for the production of documents located in this District which may be sent electronically. (Doc. No. 6).

## II. LEGAL STANDARD

The scope of discovery as defined by Rule 26 similarly applies to discovery sought via a Rule 45 subpoena on a non-party. *See in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *accord E.S. by and through Sanchez v. Elizabeth Bd. of Educ.*, Civ. No. 20-1027, 2022 WL 2106382, at *2 (D.N.J. June 10, 2022). Pursuant to the Federal Rules of Civil Procedure, the Court may compel a non-party to produce documents or permit an inspection of records. *See* Fed. R. Civ. P. 34(c), 37(a), 45(d), and 45(e). A party moving to compel discovery sought through a subpoena on a non-party "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Civ. P. 45(d)(2)(B) ("[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection."). The movant must show that the sought-after discovery is relevant and, if it does, then "the resisting non-party must explain why discovery should not be permitted." *Biotechnology Value Fund, L.P. v. Celera Corp.*, Civ. No. 14-4046, 2014 WL 4272732, at *1 (D.N.J. Aug. 28, 2014) (citations and internal quotation marks omitted). Nevertheless, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess v. Galloway*, Civ. No. 20-6744,

3

2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (citing *Chazanow v. Sussex Bank*, Civ. No. 11-1094, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014)). A district court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, Civ. No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted).

In addition, Rule 45 authorizes the court for the district where is compliance is required to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Before finding contempt, a court shall provide due process with notice and a hearing. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1322 (3d Cir. 1995); *Ojo v. Brew Vino, LLC*, No. 20-661, 2024 WL 454940, at *3 (M.D. Pa. Feb. 6, 2024). A finding of contempt arises where there is clear and convincing evidence that a party knew of a valid court order and disobeyed that order. *Harris*, 47 F.3d at 1326. If such evidence is proffered, the court must determine whether the failure to comply was "without adequate excuse." Fed. R. Civ. P. 45(g); *see also Ojo*, 2024 WL 454940, at *3 (internal quotation marks and citations omitted). A United States Magistrate Judge's contempt authority is circumscribed pursuant to 28 U.S.C. § 636(e).

## III. DISCUSSION

As an initial matter, the Court agrees that AMMEX has sufficiently shown that this Court is the proper jurisdiction for resolution of the instant dispute. The Subpoena seeks documents that appear to exist within this District and that can be produced electronically from within this District. As such, this is the court for the district where compliance is required. *See* Fed. R. Civ. P. 37(a)(2), 45(d)(2)(B), 45(g). AMMEX further has shown that the Subpoena seeks discovery relevant to the Underlying Action and within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

*See* Fed. R. Civ. P. 26(b); *in re Novo Nordisk*, 530 F. Supp. 3d at 501. The sought-after discovery also is narrowly tailored such that the Subpoena does not pose an undue burden or expense on Buckwold. *See* Fed. R. Civ. P. 45(d)(1).

Moreover, Buckwold has not asserted any timely objections to the Subpoena. Indeed, a non-party responding to a subpoena must serve on the requestor any objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The failure to serve timely objections to a subpoena may constitute a waiver of any such objections. *See McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426-27 (D.N.J. Apr. 27, 2004); *Hanif v. Atl. Northeast Transport, Inc.*, Civ. No. 16-1776, 2022 WL 20447741, at *2 (D.N.J. Jan. 19, 2022) ("Generally, subpoenas must be complied with, unless the person to whom the subpoena is directed serves a written objection 'before the earlier of the time specified for compliance or [fourteen] days after the subpoena is served.'" (quoting Fed. R. Civ. P. 45(d)(2)(B))). As such, the Court GRANTS IN PART AMMEX's Motion to Compel compliance with the Subpoena.

As to AMMEX's request to hold Buckwold in contempt, the undersigned's authority is limited where the parties have not consented to the Magistrate Judge's jurisdiction. *See* 28 U.S.C. § 636(e); *Escobar v. Benihana Nat'l Corp.*, No. 20-2447, 2023 WL 11885070, at *2-3 (D.N.J. Jan. 6, 2023). Considering Buckwold's email to AMMEX's counsel reflecting at least some confusion as to the proceedings, the record is incomplete for the undersigned to certify facts to the District Judge as to whether an order to show cause should be entered. Accordingly, the Court DENIES without prejudice AMMEX's Motion to the extent it seeks an order to show cause why Buckwold should not be held in contempt and for sanctions.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this **3d** day of **October 2024**, hereby

**ORDERED** that AMMEX's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that Respondent Yudi (a/k/a Yehuda) Buckwold shall produce to AMMEX any non-privileged responsive documents within his possession, custody, or control sought through the Subpoena served on October 19, 2023 by no later than **October 31, 2024**; and it is further

**ORDERED** that AMMEX shall serve a copy of this Memorandum Opinion and Order on Buckwold within five (5) business days of the date of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry No. 1; and it is further

**ORDERED** that the Clerk of Court shall hereby mark this matter **CLOSED**.

**SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE