UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMMEX CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>YUDI, a/k/a YEHUDA, BUCKWOLD,<br><br>Respondent. | Civil Action No. 24-4206 (ZNQ) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**RUKHSANAH L. SINGH, United States Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Petitioner AMMEX Corporation ("AMMEX"), seeking the Court to hold Yudi (a/k/a Yehuda) Buckwold ("Buckwold") in contempt of the Court's October 3, 2024 Memorandum Opinion and Order (Doc. No 8) (the "October 3, 2024 Order"), and to impose sanctions (the "Motion") (Doc. No. 9). AMMEX further seeks the entry of an order to show cause why Buckwold should not be held in contempt for failure to comply with the Court's October 3, 2024 Order. (Doc. 9-1 at p. 5). AMMEX served the Motion on Buckwold, and he acknowledged receipt. (*See* Doc. No. 10 at 1). Buckwold has not filed any opposition. The Court has fully considered AMMEX's submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1. For the reasons set forth herein, and good cause shown, the Court **DENIES** the Motion and declines to certify facts to the district judge for contempt proceedings pursuant to 28 U.S.C. § 636(e).

1

I.      **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

As the parties are familiar with the background of this case, the Court recites only those facts relevant to the instant Motion.

On March 26, 2024, AMMEX initiated this action to compel compliance with a subpoena served on Buckwold (the "Motion to Compel"), a New Jersey resident, in connection with the matter captioned *AMMEX Corporation v. John Doe 1-10*, No. 23-cv-1411, pending in the United States District for the Western District of Washington (the "Underlying Action"). (*See* Doc. No. 1). In the Underlying Action, AMMEX seeks to identify its authorized sellers ("Authorized Sellers") who allegedly violated contractual agreements by reselling AMMEX-branded disposable gloves to unauthorized resellers ("Unauthorized Resellers"). (*See* Doc. No. 1-2 at ECF p. 2). AMMEX alleges that Buckwold is one such Unauthorized Reseller. (Doc. No. 1-2 at ECF p. 2). AMMEX served a subpoena (the "Subpoena") on Buckwold to request documents that identify his suppliers as well as records of AMMEX product purchases and sales from June 1, 2019 to the present. (Doc. No. 1-6, Ex. 4).

On October 3, 2024, this Court granted in part AMMEX's Motion to Compel and ordered Buckwold to produce responsive documents within his possession, custody, or control by no later than October 31, 2024. (Doc. No. 8). However, the Court denied without prejudice AMMEX's request to enter an order to show cause or impose sanctions at that time, noting the possibility that Buckwold may not have fully appreciated the nature of the legal proceedings. (Doc. No. 8 at pp. 5-6).

Following the entry of the October 3, 2024 Order, AMMEX's counsel sent a copy of the Order to Buckwold via regular mail and FedEx overnight delivery. (Doc. No. 9-2 at ¶ 2). Additionally, AMMEX's counsel emailed Buckwold a copy of the Court's October 3, 2023 Order,

advising Buckwold that AMMEX would move for enforcement if he failed to comply. (Doc. No. 9-2 at ¶ 2). Buckwold replied that he had no responsive documents and provided a phone number, stating that a third party associated with that number had been selling products through his Amazon storefront. (Doc. No. 9-2 at ¶¶ 3-4). Buckwold further explained that he had shut down the storefront after learning, through his own investigation, that this third party—identified as "Sidney L." (as described below)—had been operating it without authorization. (Doc. No. 9-2 at ¶ 4).

In response, AMMEX's counsel re-sent sales data previously provided to Buckwold, reflecting the sale of AMMEX-branded products through his Amazon storefront. (Doc. No. 9-2 at ¶ 4). Buckwold replied: "I have never purchased any of your products to sell on my store nor do [I] have any idea where to get any documentation from but [you're] welcome to come to my house and have a look around for some documents you believe [I] have." (Doc. No. 9-2 at ¶ 4).

AMMEX's counsel subsequently called the phone number Buckwold had provided. (Doc. No. 9-2 at ¶ 6). The person who answered identified himself only as "Sidney L." and stated that he had been operating Buckwold's storefront and sourcing products from Canada. (Doc. No. 9-2 at ¶ 6). Sidney L. did not provide any documents or further information relevant to the Subpoena but did offer an email address, to which counsel sent a copy of the Court's Order. (Doc. No. 9-2 at ¶ 6). Counsel followed up with both Buckwold and Sidney L. twice prior to the October 31, 2024 deadline, reiterating that AMMEX would move for sanctions in the event of continued noncompliance. (Doc. No. 9-2 at ¶ 7).

On November 8, 2024, AMMEX filed the present Motion, seeking an order holding Buckwold in contempt and imposing a monetary sanction of $100 per day, payable to AMMEX. (Doc. No. 9-1 at p. 5). Alternatively, AMMEX seeks an order to show cause why Buckwold should not be held in contempt and sanctioned. (Doc. No. 9-1 at p. 5). AMMEX argues that

Buckwold has attempted to shift responsibility for compliance to an unidentified third party. (Doc. No. 9-1 at p. 4). It further points out that the Amazon storefront remains registered in Buckwold's name, and that, regardless of any delegation of daily operations, Buckwold remains subject to the Subpoena and the Court's October 3, 2024 Order. (Doc. No. 9-1 at p. 4).

## II.   LEGAL STANDARD

Federal Rule of Procedure 45 authorizes the court for the district where compliance is required to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *Andrews v. Holloway*, 256 F.R.D. 136, 140 (D.N.J. 2009) ("Civil contempt is a means by which the Court may, if necessary, ensure that its discovery orders are obeyed."). Civil contempt sanctions are "penalties designed to compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827–828 (1994); *see Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1322 (3d Cir. 1995); *Ojo v. Brew Vino, LLC*, No. 20-661, 2024 WL 454940, at *3 (M.D. Pa. Feb. 6, 2024).

A finding of contempt arises where there is clear and convincing evidence that a party knew of a valid court order and disobeyed that order. *Harris*, 47 F.3d at 1326. If such evidence is proffered, the court must determine whether the failure to comply was "without adequate excuse." Fed. R. Civ. P. 45(g); *see also Ojo*, 2024 WL 454940, at *3 (internal quotation marks and citations omitted). However, contempt is inappropriate where "there is ground to doubt the wrongfulness of the respondent's conduct," and ambiguities in the order must be resolved in favor of the alleged contemnor. *Holtec Int'l v. Ameritube, LLC*, No. 17-594, 2022 WL 16743657, at *2

(D.N.J. Jan. 19. 2022); *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994) (explaining that a petitioner has a heavy burden to show contempt, which "must be done by 'clear and convincing evidence' and where there is ground to doubt the wrongfulness of the conduct, [respondent] should not be adjudged in contempt").

A United States Magistrate Judge's contempt authority is circumscribed pursuant to 28 U.S.C. § 636(e). *See Wallace v. Kmart Corp.*, 687 F.3d 86, 91 (3d Cir. 2012). If a magistrate judge finds contempt, "the magistrate judge must provide the district court judge with a certification of the relevant facts underlying the apparent violation." *Rodriguez v. Hayman*, No. 08-4239, 2013 WL 3772525, at *2 (D.N.J. July 17, 2023) (citing 28 U.S.C. § 636(e)(6)(B)(iii)). Ultimately, resolution of a contempt motion lies within the Court's sound discretion. *See Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (recognizing the district court exercises discretion in determining if a party is liable for contempt); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) (recognizing magistrate judges exercise broad discretion to manage discovery).

## III. DISCUSSION

As a threshold matter, the Court notes its limited authority to adjudicate contempt. *See* 28 U.S.C. § 636(e); *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 903 (3d Cir. 1992) (holding the magistrate judge exceeded his authority by holding a contempt hearing without party consent); *Escobar v. Benihana Nat'l Corp.*, No. 20-2447, 2023 WL 11885070, at *2-3 (D.N.J. Jan. 6, 2023). When a magistrate judge determines that conduct may warrant a finding of contempt, the proper course is to certify the relevant facts to the district judge for further proceedings. *See* 28 U.S.C. § 636(e)(6)(B)(iii).

Here, however, the undersigned finds the underlying conduct does not warrant certification. On the present record, Buckwold's conduct does not rise to the level of contempt.

Following service of the Court's October 3, 2024 Order, Buckwold communicated with AMMEX's counsel, asserted he did not possess responsive documents, identified a third party who allegedly sold goods through the storefront, and invited counsel to inspect his home. While Buckwold's responses may be viewed as incomplete or ambiguous, they do not, at this juncture, establish by clear and convincing evidence that he knowingly disobeyed a valid court order. *See e.g., Walsh v. DuPenn, Inc.*, No. 21-mc-24, 2022 WL 4380806, at *3 (W.D. Pa. Feb. 2, 2022) (finding contempt where respondent neither produced documents nor attested they were not in its possession).

Rather, Buckwold's communications, though limited and arguably unsatisfactory, reflect some effort to acknowledge and respond to the Court's Order and AMMEX's inquiries.[1] *See Harris*, 47 F.3d at 1324 ("[An individual] may not be held in contempt as long as it took all reasonable steps to comply."). In light of these circumstances and resolving any doubts as to the wrongfulness of Buckwold's conduct in his favor, the Court declines to certify facts for contempt at this time. *See Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994) (noting that a party should not be held in contempt where there is ground to doubt the wrongfulness of the conduct).

Accordingly, AMMEX's Motion is DENIED without prejudice. Should AMMEX acquire further evidence that Buckwold has knowingly withheld documents or otherwise acted in bad faith, it may renew its request for relief.

---

[1] Buckwold's explanation regarding third-party involvement in his storefront—though unverified—creates some ambiguity as to whether responsive documents ever existed within his possession, custody, or control. Additionally, Buckwold's communications suggest a lack of legal sophistication, which the Court previously acknowledged as a potential factor contributing to his initial noncompliance. The record indicates that Buckwold attempted to respond to follow-up communications and demonstrated some willingness to engage, although AMMEX ultimately received minimal information. AMMEX has not shown, on this record, that Buckwold is withholding responsive information within his possession, custody, or control.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this **23d** day of **May 2025**, hereby

**ORDERED** that AMMEX's Motion is **DENIED**; and it is further

**ORDERED** that AMMEX shall serve a copy of this Memorandum Opinion and Order on Buckwold within five (5) business days of the date of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry No. 9; and it is further

**ORDERED** that the Clerk of Court shall hereby mark this matter **CLOSED**.

**SO ORDERED.**

                                                                                                            _____
                                                                                                            RUKHSANAH L. SINGH
                                                                                                            UNITED STATES MAGISTRATE JUDGE